**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



MEMORANDUM ORDER

Appellate case name:      John Furnace, Jr. v. The State of Texas

Appellate case number:   01-11-00481-CR

Trial court case number:  63237

Trial court:                  412th Judicial District Court of Brazoria County

On October 11, 2012, we ordered that appellant file a brief within 30 days. *See* TEX. R. APP. P. 37.3(c), 38.6. Appellant did not respond. On December 5, 2012, we notified appellant, through his retained counsel, Abraham Fisch, that a brief had not been filed, and we required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). Again, appellant did not respond. Because appellant has not filed a brief, we must abate the appeal and remand the case to the trial court for a hearing. *See id.*

We direct the trial court to conduct a hearing at which a representative of the Brazoria County District Attorney's Office and Counsel Fisch shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute the appeal; and, if so,

(2)    whether Counsel Fisch has abandoned the appeal by failing to timely file a brief on appellant's behalf;

(3)    and, if so, whether appellant is presently

      (a) indigent, in which case the trial court should appoint appellate counsel at no expense to appellant, or

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

>  (b)  not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4)  if Counsel Fisch has not abandoned the appeal, establish a date by which Counsel Fisch will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b).

The trial court shall cause its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, to be filed in this Court **no later than February 13, 2013.** If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified video recording of the hearing shall be filed in this Court no later than February 13, 2013.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when supplemental clerk's record that complies with this order is filed in this Court. trial court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so **ORDERED**.

Judge's signature: /s/ Jane Bland _____

⊠ Acting individually    ☐ Acting for the Court

Date: January 15, 2013